UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FIORAVANTE SETTEMBRE                                                     APPELLANT

v.                                           CIVIL ACTION NO. 3:10CV-185-S

FIDELITY & GUARANTY LIFE INSURANCE CO., et al.            APPELLEES

**MEMORANDUM OPINION**

        This matter is before the court on motion of the appellees, Fidelity & Guaranty Life Insurance Company, *et al.*, (collectively "F&G"), to dismiss this bankruptcy appeal for failure of the appellant, Fioravante Settembre ("Settembre"), to file a timely appellate brief (DN 4).

        On February 2, 2010, Settembre filed a timely Notice of Appeal in the United States Bankruptcy Court from a judgment denying discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(3). He filed an amended Notice of Appeal on February 3, 2010. On February 16, 2010, Settembre filed a designation of contents for inclusion in the record on appeal. F & G filed its counter-designation on March 2, 2010. As Settembre had not designated the December 14, 2009 trial transcript, F & G included it in its designation, indicating that the transcript was "currently being prepared." On March 19, 2010, the Clerk of the Bankruptcy Court sent the District Court an electronic Transmission of Record on Appeal. It included a hyper-linked docket sheet for the Adversary Proceeding containing all of the designated items except the trial transcript. The transcript was filed with the Bankruptcy Court on March 31, 2010.

        F & G has moved to dismiss the action on the ground that Settembre did not file an appellant's brief within fifteen days of the District Court's docketing of the appeal. Settembre urges that his brief, filed on April 14, 2010, was timely, as the fifteen-day filing period did not begin to run until the filing of the trial transcript on March 31, 2010.

The Federal Rules of Bankruptcy Procedure provide for the designation and assembly of the Record on Appeal after the filing of the Notice of Appeal. Fed.R.Bankr.P. 8006. Fed.R.Bankr.P. 8007(b) provides that

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Fed.R.Bankr.P. 8009(a) provides that

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
>
> ...The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

In *In re Frye*, 389 B.R. 87 (B.A.P. 9th Cir. 2008), the Bankruptcy Appellate Panel noted that "docketing" an appeal is a "term of art with a specialized meaning in bankruptcy appeals and has consequences for other procedures." The Panel explained that Rule 8006 governs the preparation of the record on appeal, and Rule 8007 directs that when the record is complete for purposes of appeal, the bankruptcy clerk shall transmit it to the clerk of the district court or clerk of the bankruptcy appellate panel. The Panel stated

> Once this Rule 8006 process is completed and notification thereof transmitted to the clerk of the...district court...by the clerk of the bankruptcy court, then, and only then, can the appeal be "docketed" for purposes of Rule 8007(b). Fed.R.Bankr.R. 8007(b). In this respect, the bankruptcy appellate rules differ from the Federal Rules of Appellate Procedure 11 and 12, whereby appeals at courts of appeals are "docketed" before the record is completed and transmitted to the clerk of the court of appeals.

*Id.*, at 89-90.

Neither party has submitted any authority establishing whether a transcript designated by a party[1] must be filed with the bankruptcy court in order for a record to be complete. We find, however, that

---

[1] F & G appears to consider it significant that it, rather than Settembre, designated the trial transcript. It does not explain why this fact is of any import.

- 2 -

the *Frye* case, *supra*, is useful in this analysis. There, the Panel noted that its local rule mirrored the 9th Circuit rule, requiring that the bankruptcy clerk retain the record until complete. The Panel quoted the local rule:

> As soon as the statement of issues, designation of record, *and any transcripts that have been designated* are filed with the bankruptcy court, the clerk of the bankruptcy court shall transmit to the BAP Clerk a certificate that the record is complete.

*Id.* (emphasis ours). This language supports Settembre's contention that the record on appeal is not complete until all transcripts which have been designated have been filed with the bankruptcy court.

Similarly, the internal procedural rules of this court indicate that designated transcripts are part of the completed record on appeal. Section 12.05 of the District Clerks' Manual states that

> The Federal Rules of Bankruptcy Procedure provide for transmission of the notice of appeal and appellate record only when the record is complete...Thus, the district court clerk's office is not aware of an appeal and does not docket an appeal until the record is complete and is transmitted by the bankruptcy clerk...[T]he Federal Rules of Bankruptcy Procedure require the bankruptcy court clerk's office, rather than the clerk's office of the court to which the appeal is being taken, to monitor the preparation and timely filing of the transcript.

Section 12.09 states that "[t]he record on appeal, which the bankruptcy court clerk's office is required to assemble, see § 12.05 above, consists of the items listed in § 12.10(b)[sic][2] below." Section 12.10(a) states:

> a. Transmission of Completed Record on Appeal
>
> The bankruptcy court clerk's office is required to transmit "forthwith" a copy of the entire record on appeal, when complete, to the district court clerk's office. Fed.R.Bankr.P. 8007(b). The bankruptcy court clerk retains the original documents. The items to be transmitted are:
>
> • transcripts or other items designated by the parties;
> • the notice of appeal;
> • the judgment, order, or decree being appealed; and
> • any opinion, findings of fact, and conclusions of law of the court
>
> Fed.R.Bankr.P. 8006.

---

[2]It appears that the citation should be to § 12.10(a).

Additionally, it should be noted that there is a separate provision in the Bankruptcy Rules and in the local procedure governing the transmission of portions of the record upon request for an immediate order. Fed.R.Bankr.P. 8007(c); Clerks' Manual § 12.10(b).

Based upon the foregoing, the court concludes that the Record on Appeal was not complete for purposes of appeal until the filing of the transcript with the bankruptcy court on March 31, 2010. Although the clerk of the district court issued notice of the docketing of the appeal on March 19, 2010, we hold that the 15-day filing period of Bankr.R. 8009(a)(1) was not triggered as the prerequisite for the docketing of the appeal, the transmission of the completed record, did not occur on that date.

The court concludes that Settembre's appellate brief was timely filed. The motion of F & G to dismiss (DN 4) will therefore be denied by separate order.

**IT IS SO ORDERED.**